## Walker v. Kistler

*Roger N. Nanovic,* for plaintiffs.

*William B. Quinn,* for defendant.

HEIMBACH, P. J., June 17, 1970.—Summarized, the complaint brought by James F. Walker and Albert U. Koch, two of the Carbon County Commissioners, sets forth that the controller, without legal justification, refuses to pay either the staff or the executive director of the Carbon County Planning Commission[1] the salaries set by the salary board at a duly convened meeting. The answer of the controller denies that the convened salary board was legally constituted, because the president of the planning commission illegally participated in setting the salaries as a member of the salary board.[2] In addition, he says that the classifications, executive director and secretary, and the salaries set, $8,500 and $4,150, respectively, have no budgetary category and are excessive.

The first question we are called upon to determine is this: Does the executive head of the planning commission sit as a member of the salary board when the salaries of the employes assigned to such commission are affected?

The Act of August 9, 1955, P. L. 323, sec. 1622, 16 PS §1622, as it pertains to Carbon County, provides that the salary board shall consist of the board of county commissioners and the controller. Section 1625(a)

---

[1] The planning commission was created under the Act of August 9, 1955, P. L. 323, sec. 2001, and now operates under the Act of July 31, 1968, Act no. 247, art. 1, sec. 102, 53 PS §10101, which repeals the Act of 1955. See section 201.

[2] At the salary board meeting, two of the county commissioners and the president of the planning commission voted in favor of the salaries set and the remaining commissioner and the controller abstained from voting for the reason set forth in the answer.

provides that the county officer or executive head of an agency shall be a member of the board in the consideration of salaries and number of employes "as long as any matter affecting his office or agency is under consideration."

We adopt the syllabus statement in Commissioners of Fayette County v. Controller, 28 Fayette 4, as the principle of law we are to follow, viz.:

"1. The term 'officer or executive head' used in the County Code (16 PS 1625) to designate sometime members of the county salary board includes the executive heads of autonomous or independent county boards or agencies, and not those persons whose employment is at the will of executive heads who are permanent members of the salary board."

Defendant argues that the members of the planning commission are persons who are subject to the will of the executive heads, i.e., the Carbon County Commissioners, who are permanent members of the salary board, because:

(a) The "governing body," being the Carbon County Commissioners (section 107(10)), has power to enter into any contracts or agreements concerning the planning agency, citing sections 210[3] and 211.[4]

---

[3] Section 210 provides: "The *appointing authority* (italics ours) may employ administrative and technical services to aid in carrying out the provisions of this act either as consultants on particular matters or as regular employes of the municipality. A county planning agency with the consent of its governing body may perform planning services for any city, borough, incorporated town or township whose governing body requests such assistance and may enter into agreements or contracts for such work."

[4] Section 211 provides: "The planning agency may, with the consent of the governing body, accept and utilize any funds, personnel or other assistance made available by the county, the Commonwealth or the Federal government or any of their agencies, or from private sources. The governing body may enter into agreements or contracts regarding the acceptance or utilization of the funds or assistance in accordance with the governmental procedures of the municipality."

(b) The governing body alone has the power to control the expenditures, citing section 106.[5]

(c) The preservation and maintenance of the records of any act of the agency is in the hands of the governing body, citing section 209(27)(2).[6]

(d) The right to hire is in the "appointing authority," citing sections 208, 210.[7]

(e) The planning commission has no power or authority to hire anyone and if an engineer is required it must use the services of the municipality's engineer, citing section 201.

(f) The governing body has the power to create or abolish, by ordinance, a planning commission or planning department, or both; section 201; see footnote 7.

(g) The staff of the planning commission owes their employment to the will of the commissioners, the present members of the salary board, and, as such, are the amanuenses of the Carbon County Commissioners.

For the most part, the expressed contentions of defendant are unsupported by the sections of the act cited by him in support of such contentions, as noted

---

[5] Section 106 provides: "The governing body of every municipality is hereby authorized and empowered to make such appropriations as it may see fit, to accept gifts, grants or bequests from public and private sources for the purpose of carrying out the powers and duties conferred by this act, and to enter into agreements regarding the acceptance or utilization of such grants, gifts or bequests."

[6] There is no section 209(27), but section 209(2) provides: "(a) the planning agency shall have the power and shall be required to . . . (2) Maintain and keep on file records of its action. All records and files of the planning agency shall be in the possession of the governing body."

[7] Section 208 pertains to the hiring of a department director for the administration of each planning department. This section is applicable only where the governing body has created a *planning department* instead of a *planning commission,* or both a planning commission and a planning department. Since only a planning commission has been created, this section is inapplicable. For section 210, see[3].

in our footnotes. Nowhere does he support his expressed averment in his brief that the planning commission, as it was created and constituted under the Pennsylvania Municipalities Planning Code, is dependent upon the sole and uncontrolled discretion of the Carbon County Commissioners. It does not follow that, because the governing body may abolish the commission by ordinance, or that because the planning commission may not enter into some contracts or agreements without first having the approval of the governing body, or because funds are appropriated to its use by the governing body, the planning commission's operations are dictated by the Carbon County Commissioners and that its members are under such board of commissioners' control.

Defendant's further statement in his brief that "the staff of the Carbon County Planning Commission under this Act owes its employment to the will of the Commissioners, the permanent members of the salary board, in short, that the staff of the Carbon County Planning Commission is nothing more than the amanuenses of the Carbon County Commissioners," is incorrect, but, even if correct, would have no relevancy. Whether or not the staff are amanuenses of the Carbon County Commissioners has no relevancy in determining whether the planning commission is an autonomous or independent agency and whether, as such, its president sits on the salary board when matters affecting his agency are under consideration. Notwithstanding this statement's irrelevancy, the incorrectness is glaring. It is the chairman of the board, section 107(3), who, without any approval of the other two commissioners, may designate those he employs to aid the planning commission to carry out the provisions of the Act as consultants or regular employes of the county: section 210. We do not decide,

as being unnecessary, whether he, as the sole appointing authority, is vested with the sole right of discharge of his appointees or whether such discharge right is in the board.

Having answered seriatim the contentions of defendant, we now answer the question proposed, supra, in the affirmative, our reasons being as follows:

The members of the planning commission, once appointed by the Chairman of the County Board of Commissioners and approved by the board, serve for terms of four years, Act July 31, 1968, no. 247, art. II, sec. 203, 53 PS §10203. Such members may only be removed from office for malfeasance, misfeasance or nonfeasance by a majority vote of the board of commissioners, after hearing if demanded in writing, section 206, subject to the right of the board to abolish, by ordinance, the planning commission: section 201. The planning commission elects its own chairman and vice-chairman and *creates* and *fills* such other offices as it may determine: section 207. (Italics supplied.)

Since its powers and duties are expressly set forth, section 209, it follows that the planning commission is an autonomous or independent agency and its members are not persons who are in any fashion subject to the will or dictation of the executive heads who are permanent members of the salary board: Commissioners of Fayette County v. Controller, supra. This being so, we hold that when salaries of any employes assigned to aid the planning commission are set by the salary board, the chairman of the planning commission, being the executive head of the agency, sits as a member of the salary board: section 1625(a) of the Act of August 9, 1955, P. L. 323, supra.

We do not decide, as being unnecessary, whether or not the planning commission, under the provisions of

section 106, may directly employ needed personnel and pay salaries therefor, free of any action of the salary board, from appropriations, grants and gifts.

We do decide that James F. Walker, Chairman of the Board of Commissioners, as the "Appointing Authority," section 107(3), properly employed Agnes McCartney and Phyllis Bolton as regular employes of Carbon County to perform administrative and technical services for the planning commission: section 210.

Defendant's further objection that the classifications and amounts set forth for salaries have no budgetary category and are excessive is without merit. Since James F. Walker had the right to employ, without the approval of the board of commissioners, section 210, supra, he had the right to give such titles to the employes as he in his sole discretion determined. Thus, in designating Mrs. McCartney as the executive director of the planning commission and Phyllis Bolten as secretary, he acted within his authorization. The salary board, in accepting such title designations for budgetary classification likewise acted properly.

We have heretofore held that the salaries were set by a duly convened salary board, whose action in setting the salaries to be paid may, of course, properly be attacked if there is a palpable abuse of discretion. We take judicial notice that there was no such abuse of discretion.

In conclusion, since counsel agree that there are sufficient funds on hand or estimated to be received within the fiscal year and available to pay the salaries set, under the Act of August 9, 1955, P. L. 323, sec. 1784, a transfer of such funds for this purpose is proper.

We, for our reasons stated, enter the following:

## ORDER

Now, to wit, June 17, 1970, judgment is entered in favor of plaintiffs, James F. Walker, John W. Bud Angst and Albert U. Koch, Commissioners of Carbon County, and against Allen D. Kistler, defendant, and he is ordered and directed forthwith to pay the staff, viz., Agnes McCartney, executive director, and Phyllis Bolton, secretary, the amounts set by the salary board.